844 F.2d 789
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-3348.
 
 Amos ROBINSON, Plaintiff-Appellant,
v.
CITY OF CINCINNATI FIRE DIVISION, Defendant-Appellee.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 Before LIVELY, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order which granted summary judgment in favor of the defendant in this Title VII action charging the City with discrimination on the basis of religion. The plaintiff was a Cincinnati firefighter who joined the World Wide Church of God some two years after joining the Fire Department. One of the tenets of that church requires total abstinence from work on the sabbath, which is defined as running from sunset Friday to sunset Saturday. The plaintiff requested that he not be required to work on his sabbath, but the defendant, contending that it would work impermissible hardship to accommodate the plaintiff's request, denied it. After the plaintiff was absent without leave on two occasions he was given a disciplinary suspension and, following a departmental hearing, was discharged effective July 21, 1974. The plaintiff appealed his dismissal but it was sustained by the City's Civil Service Commission.
 
 
 2
 Just prior to the effective date of his termination, the plaintiff filed a charge of religious discrimination with the Equal Employment Opportunity Commission (EEOC) on July 9, 1974. The EEOC informed the plaintiff that it was referring his charge to the Ohio Civil Rights Commission (OCRC). On June 17, 1975, the OCRC informed the plaintiff that it had carefully investigated his charge and that it had reached "a determination of Compliance During Investigation." Thereafter the OCRC denied the plaintiff's request for reconsideration and advised him of this action.
 
 
 3
 Nearly ten years later, on January 29, 1985, the EEOC issued a finding of probable cause that the plaintiff's charge was true, and thereafter issued a right to sue letter. The plaintiff filed this action in federal court upon receiving the right to sue letter and the defendant filed a motion for summary judgment, arguing that the action was barred by laches because it was filed approximately eleven years after the original charge was filed with the EEOC. By agreement of the parties, the case was referred to a magistrate for trial, and the magistrate granted the defendant's motion for summary judgment. This appeal followed.
 
 
 4
 After the district court had entered judgment for the defendant and while the matter was pending on appeal, this court issued its en banc decision in Cleveland Newspaper Guild v. Plain Dealer Publishing Co., --- F.2d --- (6th Cir.1988). In the en banc decision this court held that a Title VII action is subject to the defense of laches, but directed a case-by-case determination of the applicability of the defense. The court noted that the doctrine of laches requires some showing of prejudice to the party seeking to defend on the ground of unreasonable delay and also noted that particular circumstances such as whether the complainant had legal representation should be considered.
 
 
 5
 While this is an extreme case, with nearly eleven years having elapsed between the filing of the charge and the commencement of the lawsuit and ten years having passed after the OCRC had advised the plaintiff that it considered his claim to have been adjusted, the court concludes that the proper course is to remand this case to the magistrate for further consideration in the light of our en banc decision in Cleveland Newspaper Guild. Following remand, the parties may develop those issues that were only adverted to in the prior proceedings and which the en banc decision indicates should be fully developed on the record.
 
 
 6
 The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation